## PRITCHETT *v.* MOORE.

Where the evidence does not demand a particular finding by the jury, it is error to direct a verdict.

Submitted November 22, — Decided December 12, 1902.

Complaint.   Before Judge Adams.   City court of Dublin. March 29, 1902.

*James B. Sanders,* for plaintiff.
*P. L. Wade* and *James B. Hicks,* for defendant.

CANDLER, J.   On the ground of the non-residence of the defendant, Pritchett sued out an attachment against Moore, in a justice's court, for $100 principal, besides interest.   In due time the plaintiff filed his declaration in attachment, in which he set out the account which was the basis of his suit.   The defendant filed a plea of set-off, in which he averred that the plaintiff was indebted to him in the sum of $230.99 on a contract, a copy of which was attached to his answer, leaving a balance due the defendant by the plaintiff of $130.99.   On the trial of the case it was agreed between counsel that a credit of $62.40, which had been allowed the plaintiff by the defendant in his statement of the account between them, should be stricken, making the balance claimed by Moore only $193.39.   The contract upon which the defendant relied, together with other evidence, was introduced, and at the conclusion of the evidence·the court, on motion of the defendant, directed a verdict in his favor for $236.11 principal, and $48.85 interest to the date of the judgment; and judgment was entered accordingly.   The plaintiff excepted.

Leaving out of consideration the fact that it is practically impossible to determine from the record how the trial judge arrived

at the amount for which he directed a verdict, and the further fact that the verdict directed was for a greater amount even than the defendant in his plea prayed to recover against the plaintiff, the case was one which, on its merits, should have been submitted to the jury. The evidence offered by the defendant did not demand a finding that he had complied with his part of the contract on which he sought to recover. By the terms of that contract he was to bore for the plaintiff an artesian well which should furnish, either by natural flow or by the aid of a deep-well pump, twenty-five gallons of water per minute. The evidence showed that this supply of water was not obtained by natural flow, and that no deep-well pump was ever used to ascertain if it could be obtained by that means. Expert testimony was introduced to show that if a deep-well pump had been used the supply of water required by the contract could have been obtained; but such testimony is at best but a matter of opinion, and the jury should have been left to determine its probative value. In the light of what has been said, it is manifest that a new trial must result.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*