## MOORE *v.* PRITCHETT.

The court having incorrectly instructed the jury as to the meaning of the written contract involved in the case, the refusal of a new trial was erroneous.

Submitted November 25, — Decided December 10, 1904.　.

Attachment. Before Judge˙ Adams. City court of Dublin. April 30, 1904.

Pritchett sued out an attachment against Moore, returnable to the city court of Dublin. The attachment was levied, and declaration thereon filed. The declaration was upon an account. Moore pleaded set-off, the main item of his counter-claim being an amount charged for boring an artesian well for the plaintiff at Lothair, Georgia, under a written contract, a copy of which was attached to the plea. This contract was as follows:

"Georgia, Laurens County. This contract, made and entered into this the 4th day of Jan., 1898, between G. W. Moore, proprietor of the Dublin Iron Works, party of the first part, and William Pritchett, party of the second part, witnesseth, that the said party of the first part, for and in consideration of the sums of money to be paid to him by the said second party as are hereinafter set out, does hereby agree and contract to bore and construct for the said second party, at the turpentine· still of H. E. Pritchett & Co., in the County of Worth, said State, an artesian well of the following dimensions and capacity, to wit: Said artesian well to be (4) four inches in diameter at the top, and if necessary for better construction of said well, it may be reduced in diameter to (2) two inches, and said well is to furnish a continuous supply of at least (25) twenty-five gallons of arte-

sian water per minute. The said party of the first part hereby agrees and contracts to furnish all of the piping necessary, and the well is to be cased to a solid foundation with first-class iron piping. It is hereby agreed by and between the parties to this contract that if the necessary supply of (25) twenty-five gallons is not obtained by a flow of that amount of water as aforesaid, then the said supply of said water is to be obtained by the means of a deep-well pump, if the use of such pump is necessary, after a satisfactory test of the well is made by both of said parties hereto.    And also that said deep-well pump, if the use of the same is necessary, shall be furnished by said second party as soon as practical after being instructed by said first party that the use of said deep-well pump is necessary, and if in this way it is necessary that such a test be made, in addition to the other amounts to be paid the second party is to pay to the said first party the necessary traveling expenses of one man from Dublin to the said well and return.    The said party of the second part hereby agrees and contracts to pay to the said party of the first part for said well the sum of ($225.00) two hundred and twenty-five dollars, on condition that said supply of twenty-five gallons of water per minute as aforesaid is obtained, at or before the depth of 300 feet is reached.    If not so obtained, then said second party is to pay to said first party 75 cents per foot for the first 350 feet or as many feet as it may be necessary to bore said well, if said supply of water can be had as aforesaid at or before the depth of 350 feet is reached.    But if said supply of water can not be so obtained and it shall be necessary to bore to a greater depth, then the said second party is to pay to the said first party for the said well in excess of said 350 feet at the rate of $1.00 per foot, until a depth of 1000 feet or so much thereof as may be necessary to complete said well as aforesaid is reached, or until said party of the second part shall tell said party of the first part to stop.    If said first party shall stop boring before instructed to stop by said second party, then he, the said first party, shall forfeit all amounts due under this contract.    It is further agreed that said second party is to deliver the machinery to the said first party, necessary for boring said well, free of charge from Albany, Ga., to the place at which the well is to be bored, and, when the well is completed, to deliver the

said machinery from said well at Albany.    It is hereby agreed by said parties that another artesian well is to be bored at Lothair, Ga., of like size and capacity, the first 400 feet being charged for at the rate of 75 cents per foot, under the terms of the above contract.          G. W. Moore, Per W. J. Carter, Atty.

"Signed in the presence of          Wm. Pritchett.

J. P. Sanders, N. P. Laurens Co., Ga."

The well was bored to the depth of two hundred and thirty-six feet, but no natural flow of water to the surface was obtained. Moore submitted evidence tending to show that the well, at the depth to which it was bored, would, by the use of a deep-well pump, furnish a continuous supply of artesian water of more than twenty-five gallons per minute.    He also showed that he, through his agent, had notified Pritchett that the deep-well pump was necessary, that a flow of water could not be obtained, but that a continuous supply of more than twenty-five gallons of artesian water per minute could be got by the use of such a pump, and had requested Pritchett to furnish a deep-well pump as provided in the contract, which Pritchett refused to do.    Moore's contention was, that, this being true, he had complied with his obligation under the contract.    In the opinion of the trial judge, this was not a proper construction of the contract; and in effect he so charged the jury.    There was a verdict for the plaintiff for the full amount for which he sued; and the defendant's motion for a new trial being overruled, he excepted.

*P. L. Wade*, for plaintiff in error.    *J. B. Sanders*, contra.

FISH, P. J.    (After stating the facts.)    The case turned upon the construction of the contract set forth in the statement of facts; and one of the grounds of the motion for a new trial presents the question whether the court, in instructing the jury as to the legal effect of the contract, properly construed it.    In our opinion, the meaning of the instrument is, that whenever the well, without regard to its depth, would furnish a continuous supply of twenty-five gallons of artesian water per minute, either by natural flow to the surface or by the use of a deep-well pump, Moore's obligation would be complied with, and he would have the right to discontinue boring, whether Pritchett desired him to do so or not, provided he notified Pritchett that the use of a deep-well pump was

necessary.   This may not be the contract that Prichett desired to enter into, but it seems to us that it is the contract which he actually made; and there was no question that he understood its terms, nor did he contend that he was induced to execute it by fraud, accident, or mistake.   When this case was formerly here (116 *Ga.* 757), the contract was evidently construed as we now construe it.   The court, speaking through Mr. Justice Candler, then said:   " The evidence offered by the defendant did not demand a finding that he had complied with his part of the contract on which he sought to recover.   By the terms of that contract he was to bore for the plaintiff an artesian well which should furnish, either by natural flow or by the aid of a deep-well pump, twenty-five gallons of water per minute.   The evidence showed that this supply of water was not obtained by natural flow, and that no deep-well pump was ever used to ascertain if it could be obtained by that means.   Expert testimony was introduced to show that if a deep-well pump had been used the supply of water required by the contract could have been obtained; but such testimony is at best but a matter of opinion, and the jury should have been left to determine its probative value."   It follows from what we have said that the court below erred in not granting a new trial.

*Judgment reversed.   All the Justices concur.*